HARRY T. WILLITS, PROSECUTOR, v. BOROUGH OF BEACH HAVEN, IN THE COUNTY OF OCEAN, RESPONDENT.

Decided July 7, 1925.

Municipalities—Emergency Improvements—Improvement Complained of Was an Emergency, as Public Health Was Menaced—Act of 1925 Places the Determination of an Emergency in the Hands of the Governing Body, and When Determined in Good Faith, Judicial Authority Cannot Substitute Its Judgment.

For the prosecutor, *James Mercer Davis.*

For the respondent, *Howard Ewart.*

The opinion of the court was delivered by

LLOYD, J. The prosecutor applies for a writ of *certiorari* to test the validity of a contract made by the borough of Beach Haven for certain additions to the borough electric light plant, and also to test the validity of the action of the borough council in authorizing the issuance and sale of certain emergency notes or bonds wherewith to pay the costs of the work to be done under the contract.

The governing body of the borough consist of a mayor and six councilmen. The work to be done was on May 9th, 1925, at an adjourned regular meeting of the council, declared by the affirmative vote of five councilmen to be an emergency requiring immediate action looking to an addition to the borough's electric plant, and appropriating the sum of $35,000 to pay the estimated costs and authorizing the issuance and sale of bonds in like amount wherewith to pay the costs of the improvement. Advertisements for bids under the contract were inserted and the contract awarded.

On application a rule was allowed to show cause why a writ of *certiorari* should not be issued returnable June 1st, 1925. At the time of the granting of the rule steps had been taken

by the municipal authorities and by the contractor in fulfillment of the contract.

The proceedings taken by the borough council in their form and regularity are not attacked in this application, but it is claimed that the contract and the proposed issuance of bonds were *ultra vires* by reason of the fact, as claimed, that the improvement of the plant was not an emergency within the terms of the Home Rule act of 1920 and of the Budget act of 1918.

The municipal action was taken under section 25 of the Budget act as amended in 1919, chapter 178, which declares that "upon the happening of any emergency caused by fire, flood, storm, explosion, epidemic, recovery of judgment, act of God or public enemy, or for the preservation of order or public health, or for restoring to a condition of usefulness any public property, the usefulness of which has been destroyed by accident or by happening that could not have been anticipated * * * any municipality being without funds to meet the necessities and conditions created thereby, may, by vote of at least two-thirds of the governing body of such municipality," make appropriations, &c. In the amending act of 1919 there is this proviso, "provided, further, that the determination of the governing body embodied in the resolution authorizing such notes or bonds, or any renewals thereof, if adopted by a three-fourths vote, shall be conclusive as to the character and existence of an emergency within the meaning of this act."

The affidavits presented in the case disclose that the addition to the electric plant contemplated in the action of the borough is essential to the supply of water and to the preservation of the public health, inasmuch as the old system of furnishing power for the water supply had broken down, and that the sewage system is prohibited from entering the bay, making necessary the utilization of the electric power for both the supply of water and for the pumping of sewage into the sedimentation tanks. It is obvious that these conditions are a serious menace to the public health and public safety.

I am inclined to think, therefore, that the present situation is an emergency, as appears by the proofs fairly arising under the proper construction of the statute. It will be observed, however, that the amendment of 1925 places the determination of the question of what is or what is not an emergency in the hands of the municipal governing body, to the extent that its determination by vote of three-fourths of the members shall be conclusive as to the character and existence of the emergency within the meaning of the act. When thus determined in good faith, it is clear that the action of the council is conclusive and binding on the courts. Judicial authority cannot substitute its judgment for that of the body in which the decision has been reposed by the legislature. If authority were needed for a proposition so obvious, it is to be found in *McDonald* v. *Board of Freeholders*, 122 *Atl. Rep.* 802, in which Mr. Justice Parker, speaking of the proper construction of another part of the same section, says "it is all in the sound discretion of that body."

Both for the reason that the action of the council adopted as it was by a three-fourths vote is controlling, and for the further reason that, even were I permitted to look into the question of emergency, it is clear that the emergency is established by affidavits, I am constrained to refuse the writ of *certiorari* applied for.